## Mrs. A. C. E. Perry v. F. M. Ball et al.

### Decided October 29, 1908.

**1.—Streets—Lots Bounded by—Plat.**

A purchaser of lots described in his conveyance as bounded by public streets of a city, not yet opened to travel, acquires title, as against the rights of the public, only to the limits of such streets as laid out and platted, though the enclosure extended beyond, and into the street as platted.

**2.—Public Streets—Limitation.**

One in possession of ground laid out and platted as a public street could not prescribe against the public by such possession after the Act of 1887 (Rev. Stats., art. 3351); nor did limitation against such right begin to run by reason of possession and enclosure of former owners of the land prior to the time such streets were laid out, platted, and dedicated to public use; only an adverse possession between those dates and for ten years would suffice.

**3.—Limitation—Pleading.**

An allegation of adverse possession of land "for fifteen or twenty years, or more or less," questioned as to its sufficiency as a plea of limitation by ten years possession.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*S. J. Henry,* for appellant.—Where a person has acquired title to property by possession and occupancy of herself and prior owners for such a long period of time, without being ousted by adverse claimants, her title becomes perfected and she will not be disturbed. Rev. Stats., arts. 3342, 3349, 3351 (3193-3198); Krause v. El Paso, 106 S. W., 121; Ostrom v. City of San Antonio, 77 Texas, 347; Folsom v. City of McGregor, 10 Texas Civ. App., 555; Kolb v. Bankhead, 18 Texas, 232; Holman v. Herschen, 16 S. W., 985; Pacific Express Co. v. Dunn, 81 Texas, 85; Bering v. Ashley, 30 S. W., 838.

The city had no constitutional right "to take, damage or destroy appellant's property, without first making adequate compensation therefor" to her; or without "first taking out condemnation proceedings and paying the money into court for the value of said property. Said municipal corporation had no right to confiscate same for public use, without the due course of the law of the land." Appellant was entitled to an injunction to prohibit such illegal acts. City of Dallas v. Miller, 7 Texas Civ. App., 504; Const., art. 1, sec. 17; Rev. Stats., arts. 548-9b, 4671, 4675, 4676; Gilder v. Brenham, 67 Texas, 349; Gulf, etc., Ry.

Co. v. Eddins, 60 Texas, 657; City of Houston v. Kleincke, 26 S. W., 250; Krause v. City of El Paso, 106 S. W., 121; Scott v. City of Marlin, 25 Texas Civ. App., 353; Ostrom v. City of San Antonio, 77 Texas, 346; Folsom v. City of McGregor, 10 Texas Civ. App., 555; City of Dallas v. Kahn, 9 Texas Civ. App., 19; Ewing v. St. Louis, 5 Wall., 413; Barber v. City of E. Dallas, 83 Texas, 147; City of E. Dallas v. Barksdale, 83 Texas, 119.

The burden of proof was upon the city, and the law required it to show that the strips of land in dispute had been purchased by the city, or had been dedicated for streets and alley, or had been used and occupied by the city or the public as streets, alleys or thoroughfares for a sufficient period of time to give it title as easements, and in such a manner as would create an estoppel against the owner of the fee. Krause v. City of El Paso, 106 S. W., 121; Gilder v. City of Brenham, 67 Texas, 349; Grace v. Walker, 95 Texas, 40; Scott v. City of Marlin, 25 Texas Civ. App., 353; Barber v. City of E. Dallas, 83 Texas, 147; City of Dallas v. Miller, 7 Texas Civ. App., 504; City of Dallas v. Kahn, 9 Texas Civ. App., 19; City of E. Dallas v. Barksdale, 83 Texas, 119; Folsom v. City of McGregor, 10 Texas Civ. App., 555.

Where the city owns or "actually uses and controls a street sufficient in width for the public's use, travel and convenience" adjacent to a land owner's property, said city, through its city council, has no lawful right to "appropriate said land owner's property, in order to widen said street." Scott v. Marlin, 25 Texas Civ. App., 353; Grace v. Walker, 95 Texas, 40; Krause v. El Paso, 106 S. W., 121; Gilder v. City of Brenham, 67 Texas, 349; Wooters v. Crockett, 11 Texas Civ. App., 475; O'Neal v. City of Sherman, 77 Texas, 183; McMickle v. Hardin, 25 Texas Civ. App., 223.

Actual, open, notorious, hostile possession, to the exclusion of all other claimants, under claim of title and ownership, by one cultivating, using, enjoying and occupying said land, for a full period of ten years before the commencement of suit by an adverse claimant, gives one an absolute fee simple title, as good as a patent from the State. McGregor v. Thompson, 7 Texas Civ. App., 33; Rev. Stats., arts. 3349, 3350, 3351, 3343; Krause v. City of El Paso, 106 S. W., 121; Folsom v. McGregor, 10 Texas Civ. App., 555; City of Dallas v. Miller, 7 Texas Civ. App., 506; Ostrom v. San Antonio, 77 Texas, 346; Simonton v. Mayblum, 59 Texas, 9; Craig v. Cartwright, 65 Texas, 417; Mexia v. Lewis, 3 Texas Civ. App., 113; Tucker v. Smith, 68 Texas, 481; Mhoon v. Cain, 77 Texas, 317; Branch v. Baker, 70 Texas, 191; Anderson v. Jackson, 69 Texas, 346; Barber v. City of E. Dallas, 83 Texas, 149; Pacific Exp. Co. v. Dunn, 81 Texas, 85; City of E. Dallas v. Barksdale, 83 Texas, 119; City of Dallas v. Kahn, 9 Texas Civ. App., 19; Kolb v. Bankhead, 18 Texas, 232; Holman v. Herscher, 16 S. W., 985; Bering v. Ashley, 30 S. W., 838; Folsom v. City of McGregor, 30 S. W., 846.

*F. M. Ball,* city attorney, for appellees.

HODGES, ASSOCIATE JUSTICE.—This suit appears to have been originally instituted for an injunction seeking to restrain an interfer-

ence by the appellees with the property of the appellant. The appellant is the owner, according to her contention, of lots 1, 2, 3, 10, 11 and 12 of block 98 in the city of Texarkana in the county of Bowie. Some time prior to the institution of this suit the officers and employes of the city of Texarkana undertook to open up and clear obstructions from what were known as Oak and Tenth Streets in the said city, which streets ran alongside the property of the appellant. After those proceedings were begun on the 22d day of February, 1907, the appellant filed her petition in this case, setting forth substantially that she was the owner of the property above referred to; and in her petition describes her property as follows: "All of lots Nos. 1, 2, 10, 11 and 12 in block 98 in the city of Texarkana and county of Bowie in the State of Texas, and bounded on the east by Spruce Street, on the north by Tenth Street, and on the west by Oak Street (which street is only about 25 or 30 feet wide in front of her said lots and land), adjacent to her said three small tenant houses situated and located upon said lots 10, 11 and 12; and her said lots of land commence at a point at the intersection of Spruce and Tenth Streets on the north boundary thereof, runs almost due west for a distance of about 340 or 350 feet to the intersection of Tenth and Oak Streets; and from west boundary line of said lots, adjacent to Oak Street runs almost due south for 150 feet." She alleges that the premises are worth $4,000. She claims that the property is her homestead, and that she "fears that the defendants will make use of their possession to waste and convert the property and the fruits thereof to their own benefit." She alleges there are certain improvements upon the property—tenant houses of the rental value of $300 per annum. She charges that the appellees "have entered into a conspiracy —and over her solemn protest and without her consent—to violate her rights and destroy her property and confiscate it to the use of the city without due course of law," and says that unless they are enjoined from so doing she "fears the defendants will eject her from the premises and that she will suffer an irreparable loss and damage." Wherefore she prays for a writ of injunction restraining the defendants from further proceeding to execute their designs and from in any way interfering with the property. She also asks for the possession of said property, and that she be quieted in its title and possession. Upon the presentation of this petition to the district judge, a temporary restraining order was granted.

The appellees answered by general and special exception, general denial, and plea of not guilty, and a disclaimer of any right, title or interest in the lots mentioned and described in the plaintiff's petition, and averred that they had never disturbed, directly or indirectly, plaintiff in her right to the peaceful occupancy and possession of the same, and had never entertained any purpose of so doing. They specially alleged, however, that Oak, Spruce and Tenth Streets are in the said city of Texarkana; that the two former are of the width of 80 feet, and the latter of the width of 60 feet; that the city of Texarkana has been duly mapped and platted and the same placed of record; that the plaintiff and those under whom she purchased are governed thereby. In substance they alleged that in the acts complained of they were simply opening up Oak and Tenth Streets in accordance with the manner in

.which it had been platted and mapped by the owners of the property, and which map governed the sale of lots in the city of Texarkana as to the descriptions and boundaries between streets and lines; that notice had been served upon the plaintiff to remove the obstructions from the street; that she had refused to do so, and that, acting under instructions from the city council, the appellees were merely opening up said streets and were in no way interfering with the property of the plaintiff.

At the December term, 1907, of the District Court the case was tried by the court without a jury, and a judgment rendered in favor of the appellees. The judgment is quite lengthy and recites many of the findings of fact upon which it is based. It not only dissolves the temporary restraining order which had theretofore been issued at the instance of the appellant, but commands the appellant to remove the obstructions which she has placed within the limits of the streets adjacent to her property, and perpetually enjoins her from further obstructing said streets.

While this suit was apparently instituted for the purpose of enjoining the appellees from interfering with certain fences and houses claimed by the city of Texarkana to be obstructions in Oak and Tenth Streets, we think it is merely a controversy over a boundary line, and the issue is the location of the lines of the aforesaid streets adjacent to the property of the appellant in Block No. 98 of said city.

The record contains twenty-two assignments of error filed in the court below, but only nine of them have been copied into the appellant's brief. Numbering these in the order in which they appear in the brief, and not as there numbered, they are as follows:

(1) "The trial court should have held and found that the evidence clearly showed that plaintiff had acquired an absolute title by possession and occupancy, through herself and her predecessors in title, of more than thirty-three (33) years, which possession had never been disturbed, nor interrupted by adverse claimants or possessors.

(2) "Because the judgment of the court allows the defendants to take the property of the plaintiff, without adequate compensation having first been paid to her, and without ever having condemned the same and paying its value into court (or to her), under the statutes providing for condemnation proceedings. And it virtually permits the defendants to confiscate her property, for the public use, without the due course of the law of the land.

(3) "The trial court should have held that the evidence clearly showed that the defendants had no right to open up a street over plaintiff's property, without making adequate compensation therefor, and that all of said defendants were and are joint wrongdoers, and that the plaintiff is entitled to a mandatory injunction, restraining each and all of them from so doing and acting.

(4) ."The trial court erred in not deciding that the defendants 'and the city have no right, as a municipal corporation, to take—after 32 years continuous adverse possession and occupancy—the property of the plaintiff, and confiscate the same, without adequate compensation, and destroy her improvements.'

(5) "The trial court erred in not finding that the evidence (which was absolutely undisputed) established the fact that the land in con-

troversy was never, at any time whatsoever, dedicated, used or occupied by the city or by the public as a street, road or thoroughfare. That said city has never obtained nor acquired by dedication, purchase or use, or in any other way, a public street across said land, as shown by the maps, annexed to the affidavit of F. M. Henry, as exhibits—and thereby referred to and which were made a part of her motion for a new trial.

(6) "The trial court erred in not finding and holding that there is absolutely no evidence whatever, by any witness, showing that the land in controversy was ever mapped or platted, or laid out in town lots or blocks, when the land was sold to Mary B. Ake, or was ever so mapped, etc., prior to the year 1886, by any one.

(7) "The trial court erred in not finding and holding that the evidence showed that there was, at the present time—and had been for some 8 or 9 years—a 'sufficient street'—known as 'Oak Street'—about 25 or 30 feet wide, just west of and in front of plaintiff's land in controversy—facing west—and running almost due north and south—for 'the public use, travel and convenience'; and that there was not such travel upon nor use of said Oak Street during all of said time.

(8) "The lower court should have held and found, that the undisputed evidence clearly established the fact, that the plaintiff and her predecessors had been in the actual, peaceable and adverse possession of the land and premises, and paying all the taxes thereon, and claiming to own the same, for more than five years next before the defendants filed their answer and cross-action herein, cultivating same and same fenced up and occupied, and should have found for her, on her plea of five years' limitation.

(9) "The lower court erred in not holding that appellant had title to the land, bounded and described, as shown in her pleadings and hereinafter described, and so as to include all of her improvements, and had had and held peaceable and adverse possession of the same, cultivating, using and enjoying the same for a period of more than ten years, before the commencement of this suit."

These assignments seem to be mainly directed against what might be termed the court's conclusions of fact incorporated in the judgment as the basis for same. We do not think any of these assignments comply with the rules adopted by our Supreme Court, or the statute, governing the framing of assignments of error. In addition to being too general, there are many other serious objections to some of them which would be a sufficient justification for a refusal to consider them. But assuming that they all, when taken and considered together as an entirety, raise the question of whether the judgment of the court is sustained by the evidence, we have reached the conclusion that the judgment should be affirmed.

It is evident from the appellant's pleadings that her property is situated within the corporate limits of the city of Texarkana, Texas; that it consists of lots 1, 2, 10, 11 and 12 of block 98, as shown on the plat of said city; that it is bounded on two sides, the north and the west, by Tenth and Oak Streets. She thus recognizes the corporate existence of the city, and these public streets. Under the law cities and towns have the right to summarily open their streets and clear the same of obstructions. City of Corsicana v. Zorn, 97 Texas, 317. It therefore de-

volved upon the appellant to show that the boundaries of her property were not in conflict with the public streets of the city. The appellant began her ownership and possession in 1897, and her deed, which was offered in evidence by the appellees, described the property as follows: "All that certain lot, tract or parcel of land, situated in the County of Bowie, and State of Texas, described as follows, to wit: Lots One, Two & Three, Ten, Eleven & Twelve, in Block No. Ninety-eight, as laid down, on the map or plat of the city of Texarkana, Texas,—said lots fronting 150 ft. on Spruce St., 150 ft. on Oak St.—and bounded on the North by 10th St." From this it appears that her property had been platted and mapped and that the streets in controversy had been designated on the map and plat, even if they had not been actually laid out on the ground. In determining the boundaries of the appellant's purchase, recourse must be had to the plats as shown on the recognized map of the city. While the maps used in the trial in the court below have been brought to us in a very unsatisfactory condition, and without sufficient identification to enable us to consider them, if any question should be raised, we have taken the pains to carefully examine them. All of the maps referred to in the oral argument before us by the attorneys for both parties are now before us. Those which show the platting of the block in controversy show also Tenth Street to be 60 feet in width and Oak Street to be 80 feet in width—or at least they show that both of those streets were of uniform width for their entire length, and the testimony of witnesses is to the effect that they were 60 and 80 feet in width.

It is immaterial that those under whom appellant claims may have owned the land upon which the streets were located, and that their deeds fail to show any allowance for streets. If the appellant, after the opening of Tenth and Oak Streets for the full width claimed by the city, has all of the land to which she is entitled under her deeds, clearly she is not entitled to any relief. If her fences and houses at the time of opening those streets extended beyond her lines and into the streets or the grounds that were platted for streets, then the city has the right to affirmative relief against such intrusion.

The appellant seems to insist that the court should have found that she had a prescriptive right to the portion of the street within her inclosure. This claim is based upon the contention that she and those under whom she claims have had adverse possession for more than thirty years before this suit was filed. The pleading upon which this claim is based is as follows: "That, on January, 1906, and on February 5, 1907, plaintiff was lawfully seized and possessed of the hereinafter described tract and parcel of land and town lots and the improvements thereon situated, owning and holding the same in fee simple title and she then being and still is the legal and equitable owner of same and entitled to the possession thereof and that she has been such owner and possessor of same, for more than nine years; and that her predecessors in title to said land and premises were the legal owners and possessors of same, for about *15 or 20 years, or more or less,* and in the actual, exclusive, open, notorious, hostile and adverse possession thereof, for said length of time, before this plaintiff became the owner and possessor thereof (under whom she claims title) and that she is entitled to the possession thereof."

The writer does not think this is a sufficient allegation of title by limitation. Where a party relies upon limitation to support a recovery, or as a defense, it must be specially pleaded. Mayers v. Paxton, 78 Texas, 196. But admitting that such a pleading might be considered sufficient, in the absence of any exception, where testimony in its support has been received without objection and there has been a finding by the court or a jury in favor of a title by limitation, still no such condition is here before us. Since the enactment of the statute of 1887 no such right can be acquired against any county or town or city to any public road or street. Art. 3351, Rev. Civ. Stat. If any rights existed which would authorize any of the appellant's grantees to hold by limitation the encroachments upon the streets, it must have been perfected prior to the enactment of this statute. There is testimony which will justify a finding that the land upon which the appellant's property is located was mapped and platted as early as 1874 or 1875, but that no streets were ever opened until some time later. The exact time when they were opened is not made clear by the evidence. The only witness for the appellant who seemed to be at all certain as to the enclosures of the property of the appellant, says that in 1878 it belonged to a man by the name of Barron; that the latter had a fence on the west side, where Oak Street is now, and that the fence was about where it was when the controversy arose between the appellant and the city. Taking this in its most favorable light, it would fall one year short of giving the ten years possession, and that is the only period of limitation that is pleaded, if we can regard that as having been sufficiently done. Appellant's attorney, who testified upon the trial of the case, stated that he was familiar with the location of the lots of land in controversy; that he had known them for many years; that in 1878 and 1879 this land was not laid off into lots, blocks and streets; that the streets had not then been dedicated, and were not dedicated till about September, 1886, about the time of a friendly suit between Trigg, Henry and Estes. If this be true, and it would appear that the appellant can not dispute it, limitation could not have been running against the city more than one year till it was terminated by the statute. Limitation could not have commenced till the streets were laid off or dedicated to public use.

We consider it unnecessary to further discuss the facts of this case, and fully concur in the conclusion reached by the trial court.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.