## DE BOLT v. GONZALEZ.
### No. 10898.

Court of Civil Appeals of Texas.
San Antonio.

July 3, 1940.

Rehearing Denied Aug. 28, 1940.

Sidney P. Chandler, of Corpus Christi, for appellant.

MURRAY, Justice.

This suit was instituted by Manuel Gonzalez against M. F. De Bolt seeking to enjoin him from removing a building from a parcel of land described as all of Lots Nos. Fifteen (15) and Sixteen (16) and parcel of Lot No. Fourteen (14), in Block No. Fifteen (15), of the Chamberlain Addition to the City of Corpus Christi, Texas; said property fronting Sixty-eight (68) feet on Agnes Street and extending One Hundred Twenty-eight (128) feet on Thirteenth (13th) Street in said City.

Gonzalez alleged that on or about March 1, 1939, he and De Bolt entered into a lease agreement, which was supplemented on or about March 16, 1939, wherein De Bolt leased from Gonzalez the above described parcel of land. The lease was to continue in full force and effect for a period of five (5) years, beginning on the 1st day of February, 1939, and ending January 31, 1944. The rental was $55 per month. It was also agreed between the parties that improvements placed on the property by De Bolt might be removed by him upon the termination of the lease, provided De Bolt was not in default in his rental payments.

De Bolt erected on the premises a one-story frame building which has been used as a skating rink. Gonzalez alleges that De Bolt is threatening to remove the building from the lot, although the lease contract has not terminated and although De Bolt is two months in arrears with his rental payments.

Gonzalez further alleged that if De Bolt was permitted to remove the building from his lot that he would suffer irreparable damages and asked for both a temporary and permanent injunction.

De Bolt answered and alleged, among other things, that Gonzalez had breached the lease contract by ousting him from a part of the leased premises, thus giving him a right to terminate the lease and remove the building.

The trial court after hearing evidence granted a temporary injunction and De Bolt has prosecuted this appeal.

The question of whether or not appellant had been ousted from a part of the leased premises depends upon whether

or not measurements were to begin at a stake supposed to be the North-east corner of Lot 16, above described, or whether measurement should be made from the curb. In a prior lease the land had been described as follows, to-wit: "The same being Lots Nos. 15 and 16, also sixteen feet of Lot 14, in Block 15, of the Chamberlain Addition, 8 feet of Lot 14 to be used for egress and ingress, an Addition to the City of Corpus Christi, Nueces County, Texas, the said property being situated at the corner of Agnes and 13th Streets, and fronting 60 feet on Agnes Street, and running back to an alley." This lease was executed on January 14, 1937.

The lease involved herein was executed on March 1, 1939, and described the land as follows, to-wit: "The same being Lots No. 15 and 16, and parcel of Lot 14, in Block No. 15, of the Chamberlain Addition to the City of Corpus Christi, Texas; the said property fronting 68 feet on Agnes Street and extending 128 feet on 12th Street."

There is nothing to indicate as to why the description was changed in the second lease and it may be presumed that the two descriptions were intended to describe the same parcel of land. When the two descriptions are considered together, it becomes apparent that the lease was intended to cover all of Lots 15 and 16, and sixteen feet out of Lot 14 of said Block 15, and that it was not intended that De Bolt was leasing a part of the street lying between the edge of the property and the curb. In Perry v. Ball, 52 Tex.Civ.App. 132, 113 S.W. 588, 591, the court said: "It therefore devolved upon the appellant to show that the boundaries of her property were not in conflict with the public streets of the city. The appellant began her ownership and possession in 1897, and her deed, which was offered in evidence by the appellees, described the property as follows: 'All that certain lot, tract or parcel of land, situated in the county of Bowie, and state of Texas, described as follows, to wit: Lots One, Two, & Three, Ten, Eleven & Twelve, in Block No. Ninety Eight, as laid down, on the map or plat of the city of Texarkana, Texas, said lots fronting 150 ft. on Spruce St., 150 ft., on Oak St., and bounded on the North by 10th St.' From this it appears that her property had been platted and mapped, and that the streets in controversy had been designated on the map and plat, even if they had not been actually laid out on the ground. In determining the boundaries of the appellant's purchase, recourse must be had to the plats as shown on the recognized map of the city. While the maps used in the trial in the court below have been brought to us in a very unsatisfactory condition, and without sufficient identification to enable us to consider them, if any question should be raised, we have taken the pains to carefully examine them. All of the maps referred to in the oral argument before us by the attorneys for both parties are now before us. Those which show the platting of the block in controversy show also Tenth street to be 60 feet in width and Oak street to be 80 feet in width, or at least they show that both of those streets were of uniform width for their entire length, and the testimony of witnesses is to the effect that they were 60 and 80 feet in width. It is immaterial that those under whom appellant claims may have owned the land upon which the streets were located, and that their deeds fail to show any allowance for streets. If the appellant, after the opening of Tenth and Oak streets for the full width claimed by the city, has all of the land to which she is entitled under her deeds, clearly she is not entitled to any relief. If her fences and houses at the time of opening those streets extended beyond her lines and into the streets or the grounds that were platted for streets, then the city has the right to affirmative relief against such intrusion."

It is clear from the maps and other evidence that Lots 14, 15, and 16 border on the street, but that no part of them lies in the street. We overrule the contention that the measurement should be made from the curb.

On June 9, 1939, attorneys for appellee wrote the following letter to appellant, to-wit:

"June 9, 1939

"Mr. M. F. De Bolt

"1501 Agnes Street

"Corpus Christi, Texas

"Dear Mr. De Bolt:

"We have been advised by Mr. Gonzalez that you are now occupying and making use of more land than is given to you by your lease. We believe that your lease specifically sets out the premises that you have leased, and they are specifically described by metes and bounds. We did

this to avoid any further controversy between you and Mr. Gonzalez. Now Mr. Gonzalez informs us that you are insisting on using some of the land that is not covered by your lease to park a trailer, etc.

"We are, therefore, requesting you .to withdraw your trailer from the grounds not covered by your lease, and that you further desist from making use, or attempting to make use, of any other land belonging to Mr. Gonzalez, and not covered by your lease with him; unless you remove your trailer from Mr. Gonzalez' premises immediately upon receipt of this letter, we will be forced to file proper civil proceedings to have it removed.

"Trusting that it will not be necessary to take legal steps to remove said trailer, we remain

"Very truly yours,"

DeBolt replied to this letter, through his attorney, by letter written June 23, 1939, reading as follows:

"June 23, 1939

"Gentlemen:

"Your letter to Mr. M. F. DeBolt, with reference to claims of Mr. Gonzalez, has been handed to me for reply.

"We are satisfied that Mr. DeBolt is using land that was leased to him and no more. If you will have the property measured, you will find that the 128 feet leased to Mr. DeBolt includes the land he has his automobile trailer stationed on.

"Your client has already breached this lease contract by his demanding possession of the property occupied, and we hope that he will cease his harassing and will not further breach the contract. If he continues this conduct, it may be necessary for Mr. DeBolt to prosecute a proceeding for damages by reason of the conduct of Mr. Gonzalez in connection with the fulfillment of the contract.

"Yours very truly,"

■ Gonzalez testified that he was not willing for De Bolt to have the ten feet of land south of his building nor the use of the alley west of the skating rink. There can be no question but what this land was included in the premises leased to De Bolt, and it was a substantial breach of the lease contract for Gonzalez to deny to De Bolt the use of this land. Nabors v. Johnson, Tex.Civ.App., 51 S.W.2d 1081; Ellison v. Charbonneau, Tex.Civ.App., 101 S.W.2d 310.

■ Appellee will not be permitted to enforce a contract by the equitable remedy of injunction when he has been the first to breach that contract. Sanders v. Cauley, 52 Tex.Civ.App. 261, 113 S.W. 560; Carpenter v. Southern Properties, Inc., Tex.Civ.App., 299 S.W. 440; Magnolia Petroleum Co. v. Edgar, Tex.Civ.App., 62 S.W.2d 359; Langdon v. Progressive Laundry, etc., Co., Tex.Civ.App., 105 S.W.2d 346; Roberts v. Lovejoy, 25 Tex. Supp. 437; American Fidelity & Casualty Co. v. Williams, Tex.Civ.App., 34 S.W.2d 396; Kilgore v. Northwest Texas Baptist, 90 Tex. 139, 37 S.W. 598.

■ Appellant did not waive his right to terminate the lease contract by continuing to occupy the premises and to pay rent where the breach continued to the time of the trial, and where appellee testified upon the trial that he would not then let appellant have the strips of land previously denied to him, even if such strips of land were included in the lease. Haddaway v. Smith, Tex.Civ.App., 277 S.W. 728; Goodhue v. Hawkins, Tex.Civ.App., 133 S.W. 288, 289.

The order of the trial court granting the temporary injunction will be reversed and the cause remanded at the cost of appellee.