JUSTICE et al. v. McRUFFIN et al.*
(No. 8369.)

(Court of Civil Appeals of Texas. Dallas.
April 24, 1920. Rehearing Denied
June 26, 1920.)

1. **Husband and wife** ⊜274(1) — **Husband's statement as to intended disposition of community property does not affect its status.**

Where a husband and wife had jointly conveyed more than one-half their community property to the husband's children as gifts, not as advancements, a statement by the husband that he intended the rest of the property to go to his wife does not affect its status, or defeat the children's right to one-half the balance after their father's death.

2. **Appeal and error** ⊜1058(3) — **Error in excluding testimony harmless, where several witnesses gave same testimony.**

Error, if any, in the exclusion of testimony by a witness, was harmless, where the same testimony, or the substance thereof, was given by several other witnesses without objection.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Trespass to try title by Fount McRuffin and others against Minzie Justice and others. Judgment for the plaintiffs, and defendants appeal. Affirmed.

Morris Brin, of Terrell, and Lee R. Stroud, of Kaufman, for appellants.

Ed R. Bumpass, of Terrell, and C. M. Crumbaugh, of Dallas, for appellees.

TALBOT, J. We find the statement of the case taken from appellee's brief correct, and adopt the same, as follows:

"The plaintiffs sued the defendants in trespass to try title and for partition alleging that plaintiffs were children and grandchildren of James McRuffin and his deceased wife, Cassandra McRuffin. They sought to recover a one-half interest in 196 acres of land in Kaufman county, Tex., which they alleged was the community property of their father, James McRuffin, and his said deceased wife.

"The defendants entered general and special exceptions and general denial, and further pleaded that the property sued for was the community property of James McRuffin and his surviving widow, Minzie Justice, who was one of the defendants. They further pleaded that the plaintiffs had received certain tracts of land deeded to them by James McRuffin and his wife, Minzie, which said lands defendants claimed were so deeded as advancements to said plaintiffs; that such advancements absorbed all of the community interest which James McRuffin owned in the lands acquired by him and his said wife, Minzie; and that therefore the tract of land sued for belonged to the said Minzie in fee simple as her half of the community estate.

"The plaintiffs, in reply to this pleading, alleged that said lands, which had been deeded to plaintiffs, were gifts to them by their said father and stepmother, and were not advancements. Defendant Minzie Justice also claimed the land as her homestead, and an issue was made upon this by proper pleadings on the part of the plaintiffs.

"The case was tried without a jury, and the court found against the defendants upon the issue that the lands deeded to plaintiffs were advancements and not gifts; also against the defendants on the homestead issue."

The court found as conclusions of fact that in the year 1870 James McRuffin and Cassandra McRuffin were man and wife, and had five children, and that during the year the wife died. She left no landed estate, and but small personal estate; that in 1872 James McRuffin married appellant Minzie Ayres, by whom James had one son, named Fount. James McRuffin and Minzie acquired title to 438 acres of land, and during their married life James and Minzie conveyed to five of Cassandra's and James' children and to Minzie's and James' one child said 242 acres of said land in consideration of love and affection in separate portions. James McRuffin died, leaving surviving him his wife, Minzie, and his said six children. Subsequently Minzie married John Justice, in January, 1919, and she immediately abandoned said land as a home, going to live with John Justice on his land.

The court found that the deeds to the children were gifts, and in effect that it could not be called in hotchpotch; that the land remaining, 196 acres, less 41 acres, was community property of James and Minzie McRuffin; and that it was subject to partition among the children of James and Minzie McRuffin. The evidence was sufficient to support the court's finding and judgment, and we do not feel justified in disturbing it.

[1] That James McRuffin said before his death he intended the remaining 196 acres of the land to vest in his wfe, Minzie McRuffin, does not affect the legal status of it. The legal and equitable title was in James and Minzie, and, as no disposition had been made of it by McRuffin, it stood as the law left it, one-half in Minzie and one-half in James McRuffin's children, and the children were entitled to James' interest. Minzie had joined in the deeds to the parts conveyed to the children, and she had no ground for renouncing them, as they were not her children by blood.

[2] There was no error in excluding the testimony of Bruce McRuffin, for, if it was improper, as claimed, it becomes harmless, because said testimony, or the substance thereof, was given by several other witnesses without objection.

The disposition of the land as made by the court we think correct, including the 41 acres found to be Minzie Justice's separate property.

The judgment is affirmed.