### ADOLPH PEREZ v. EDITHA RABAUD.

#### No. 2552.

1.   **Liability of Landlord to Tenant.**—The landlord is liable for injuries caused by defective structures upon leased premises at suit of his tenant or an employe of such tenant, when he has contracted or is under obligations to keep the tenement repaired, or has been guilty of fraud or deceit which would release the tenant from his implied obligation to repair.

2.   **Same—Duty to Make Repairs.**—In the ordinary contract between the landlord and tenant there is no implied warranty on part of the former that the premises are in tenantable condition.   He is under no obligation to make repairs unless such a stipulation makes a part of the original contract.

ERROR from Galveston.   Tried below before Hon. Wm. H. Stewart.

Suit by plaintiff in error, servant of a tenant, against defendant in error, the owner of the rented premises, for damages resulting from the falling of a cistern.

The petition alleges that defendant, the owner of the premises, leased them to A. Watts to use as a restaurant; that he was employed by Watts; that there was a cistern upon the premises of the capacity of 8000 gal-

lons, which, because of its defective supports (the same being decayed and insufficient), and because of the weight of water it contained, fell upon plaintiff while he was in the discharge of his duties, without his fault, causing serious and permanent physical injuries; that the defect in the cistern existed at and before the lease to Watts; that defendant knew of the defect in the cistern and its supports before the injury, and at the request of Watts had promised to have the same repaired before it fell, but had failed and neglected so to do; that plaintiff was at the time of the injury ignorant of the unsafe condition of the cistern; that its bad condition was not the result of temporary and usual use and wear, but of age and natural decay.

The court below sustained a general demurrer to the petition, and the case is here on writ of error.

*L. E. Trezevant,* for plaintiff in error.—Where a person is rightfully upon rented premises, and without his fault is injured from the falling upon him of a dilapidated structure on the premises, which structure fell by reason of decay and dilapidation existing at the time when the premises are let to a tenant, the owner of the premises having knowledge of such unsafe condition is liable to such person, an employee of such tenant, for such injury. Marshall v. Heard, 59 Texas, 266; 1 Taylor's Land. and Ten., sec. 175; 1 Thomp. on Neg., sec. 12; Whart. on Neg., 817; Moak's Und. on Torts, 254; Joyce v. Martin, 4 N. E. Rep., 796; Dolay v. Savage, 4 N. E. Rep., 863; Rankin v. Engweren, 8 Cent. Rep., 371; Albert v. The State, 6 Cent. Rep., 447.

No brief for defendant in error has reached the Reporter.

COLLARD, JUDGE.—It is well settled that the owner of leased premises is liable to the public or to third persons for injuries resulting from a defective structure on the premises, when the defect existed at the time the lease was made, or when he had covenanted to repair and keep in repair. Thomp. on Neg., 317; Marshall v. Heard, 59 Texas, 267; Owings v. Jones, 9 Md., 108; Grady v. Walsuer, 46 Ala., 381; Hedwig v. Jorden, 53 Ind., 21.

The case at bar is not an action by a stranger, but by the servant of a tenant against the owner, and in such case the rule seems to be that the landlord is liable only when he has contracted or is under obligations to keep the tenement in repair, or has been guilty of fraud or deceit which would release the tenant from his implied obligation to repair.

"It is a general rule," says Mr. Thompson in his work on Negligence, volume 1, page 323, section 3, "that in the absence of fraud or deceit there is no implied covenant that the demised premises are fit for occupation, or for the particular use which the tenant intends to make of them. Therefore, the tenant has no remedy against the landlord for suffering

the premises to get out of repair, and this rule extends to servants and others entering under the tenant's title."

In Jaffe v. Harteau, 56 New York, 401, the court states the doctrine as announced in the foregoing quotation, and say, "the question must be regarded as settled by authority."

The action in that case was against the landlord for an injury to the wife of the sub-lessee; and referring to the case of Godley v. Hagerty, 20 Pennsylvania, which held a contrary doctrine, the court say that in that case "some importance was attached to the fact that the building was erected by the defendant. This may have been regarded as proper in that case, as tending to show him guilty of fraud;" and the court proceeds to show that cases where one erects a nuisance on his premises, and afterwards parts with the possession, have no application to the case under consideration, and then concludes that "there is no more reason for holding the lessor, in the absence of any agreement or fraud, liable to the tenant for the present or future condition of the premises that would not be equally applicable to a similar liability sought to be imposed by a grantee in fee upon his grantor."

The following cases, besides those cited in the foregoing case, assert the same doctrine, that there must be an express covenant or agreement by the lessor to keep in repair, in order to make him liable to the tenant: Scott v. Simons, 56 N. H., 431; Brewster v. DeFremery, 33 Cal., 341; O'Brien v. Casswell, 56 Barb., 497.

The last case cited is in principle like the one before us. The action was by a washerwoman in the employ of the tenant against the landlord, and the court held that where there is no fraud, false representations, or deceit, and in the absence of an express warranty or covenant to repair, there is no implied covenant in favor of the tenant, and no liability to the tenant; and as the plaintiff stood in his place, there was no liability on the part of the landlord to her.

The authorities are abundant sustaining the doctrine that the owner can not create a nuisance on his premises and relieve himself of liability to a third person injured thereby by leasing. It is also the law that he would be liable to a stranger where the defective structure causing the injury is on the premises when they are leased; but such liability would not exist in favor of the tenant where there is no contract by the landlord to repair, and no fraud, because he does not owe the tenant the duty of repairing as he does the public and strangers. The cases cited by plaintiff holding the landlord liable are cases where the injury was to third persons lawfully upon the rented premises, or where the landlord owed a duty to the public to repair. Albert v. State, 6 Cent. Rep. No. 5, 447; Rankin v. Inguerson, 6 Cent. Rep., No. 3, 371; Joyce v. Martin et al., 4 New Eng. Rep., No. 21, 796; Dolay v. Savage, 4 New Eng. Rep., No. 23, 24.

The first case was a suit by a minor for damages for death of parents who were drowned in consequence of the negligence of the owner of a wharf leased.

The next case was a suit by a tenant of one part of a building for damages resulting from the bursting of water pipes in another part of the building, occupied by another tenant who had covenanted to repair, where it was held that the landlord of the tenant in whose premises the pipes were defective was liable.

The next case was where the owner of a defective wharf leased it in a defective condition. It was held that he was liable to one lawfully using it for the purposes for which it was intended. The court held both lessor and lessee liable. Dolay v. Savage, the next case cited, was an action for damages by a person who, while lawfully using a way abutting leased premises, fell into a coal hole upon the way.

In none of these cases was the suit by the tenant or the servant of the tenant of the premises having the defective structure upon them, and none of them is authority for the proposition that the landlord would be liable to such tenant or servant where he was under no obligation or contract to repair. The mere fact that there was a nuisance on the premises at the time the property was rented would ordinarily render the lessor accountable for damages to a stranger lawfully passing thereon, whether he contracted to repair or not, and in case he had not so contracted both the lessor and lessee would be liable.

It is alleged, however, in plaintiff's petition that he did not know of the defects in the supports of the cistern, but that defendant did know the fact at and before the injury, and that at the request of her tenant Watts she had promised to make the necessary repairs, but had failed and refused to do so. This allegation may have been set up to show that defendant was liable because she had so promised and contracted.

The promise was merely gratuitous, not made at the time of the lease, and was no part of the original contract; it was without consideration and could not be enforced.

There is a suit similar to this where the suit was brought by the tenant. He had requested the landlord to repair a privy attached to the tenement, and the landlord agreed to do so; he with some common laborers attempted to make the repairs, and reported to the tenant's wife that the privy was safe; she went into it the same evening, when the floor fell through and she was precipitated into the vault and injured. The court discussing the case say: "In the ordinary contract between the landlord and the tenant there is no implied warranty on the part of the former that the demised premises are in a tenantable condition. He is under no obligation to make repairs unless such a stipulation makes a part of the original contract, and any promise to do so founded merely on the relation of the parties, and not one of the conditions of the lease, would be

without consideration, and for that reason would create no liability. But although a gratuitous executory contract of that kind would not be binding, he would place himself in a very different position if he should see fit to treat it as binding and actually enter upon its fulfillment. He is at liberty to repudiate it at his option, but if his choice should be to perform it he comes under some degree of liability as to the manner of its performance." Gill v. Middleton, 105 Mass., 478, 479, and authorities cited.

We have quoted freely from this case because it is the law of the point under consideration in the case before us, and is decisive of it. The reasoning is sound and well presented, and saves us the trouble of further discussion.

We think plaintiff's petition was bad on general demurrer, and that there was no error in the ruling of the court so holding, and that the judgment should be affirmed.

*Affirmed.*

Adopted February 4, 1890.