# FOURTH DISTRICT, 1895.

## A. B. PETICOLAS v. EDWIN THOMAS.

### No. 504.

1. **Landlord and Tenant—Repairs.**—The landlord is under no obligation to make repairs unless it is so stipulated as part of the lease contract, and his promise to do so, founded merely on the relation of the parties, would be without consideration.

2. **Same—Lessor's Agreement to Repair.**—Where the lease contract contains a clause providing, that "all repairs shall be at the expense of the lessee, unless by special agreement the lessor undertakes to pay for the same," this enters into the consideration of the original contract, so that a subsequent agreement of the lessor to pay for repairs would be binding.

3. **Same—Prior Verbal Promise to Repair.**—But even with such clause, evidence of a verbal promise of the lessor to pay for repairs, made prior to the written lease, would, in the absence of fraud, concealment, or mistake, be inadmissible as varying the contract.

4. **Same—Lessee to Make Repairs—Surrender.**—Even under such clause and a subsequent agreement of the lessor to pay for repairs, it would devolve on the lessee to have them made and look to the lessor for repayment, and a failure to so repay would not authorize the lessee to surrender the lease and rescind the contract.

5. **Same—Waiver of Conditions by Lessee.**—If a lease for three years be conditioned on the lessor paying for repairs, and the lessee occupies the building for thirty-one months of the time, the premises being then in no worse condition than when he entered, he waives any right to rescind the lease contract because of the lessor's failure to make repairs.

6. **Same—Surrender of Lease.**—That the key was left with the lessor's agent and notice of surrender given him, and that the agent merely accepted the key and afterwards attempted to rent the premises, do not alone suffice to establish a valid surrender of an unexpired lease.

7. **Charge of Court Excluding Evidence.**—The practice of admitting illegal evidence and then attempting to correct the error by instructing the jury to disregard it, is not to be commended, and under certain circumstances will result in a reversal.

APPEAL from the County Court of El Paso. Tried below before Hon. FRANK E. HUNTER.

*Davis, Beall & Kemp,* for appellant.—1. The written lease was the repository of and contained the whole agreement, and its terms could not be varied or contradicted by parol evidence of antecedent or contemporary agreements, and such oral testimony was inadmissible; nor was the alleged subsequent promise to repair supported by any consideration. Self v. King, 28 Texas, 553; Belcher v. Mulhall, 57 Texas, 20; 1 Greenl. on Ev., secs. 275, 303, 304; Hogan v. Crawford, 31 Texas, 634; Harper v. Kelley, W. & W. C. C., sec. 20; 68 Am. Dec., 653; Upton v. Tribilcock, 91 U. S., 45, 56; Id., Book 23, Law. Ed. U. S. Rep., 204–207.

2. If the defendant and plaintiff executed the lease and defendant occupied the leased premises all of its three years' rental term excepting the last five months, holding under the lease and paying regularly the installments of rent up to the beginning of the last five months, then he would be held liable under the lease, and estopped from denying its terms and stipulations, and be liable for the rent of the remaining five months at the rate fixed by the lease. 2 Willson's C. C., sec. 395; Johnson v. Byler, 38 Texas, 612; Kerr on Fraud and Mistake, pp. 299–307; Timon v. Whitehead, 58 Texas, 295; Westbrook v. Guderian, 3 Texas Civ. App., 413.

3. The written lease specified that repairs were to be at the expense of the lessee. If there was a new verbal promise changing this, there was no consideration to support it. Hogan v. Crawford, 31 Texas, 634; 1 Greenl. on Ev., sec. 303; 1 W. & W. C. C., sec. 22.

4. If in fact Thomas, the lessee, had any right of rescission of contract, he failed to exercise such right in a reasonable time, and continued to occupy said premises until estopped from asserting such right. Kerr on Fraud and Mistake, 298, 299; Warner v. Munsheim & Co., 2 Willson's C. C., sec. 395; University v. McFarland, W. &. W. C. C., sec. 1309; Younger v. Welch, 22 Texas, 426; History Co. v. Flint, 4 Willson's C. C., sec. 224, p. 371; Crutchfield v. Stanfield, 2 Posey's U. C., 482; Pub. Co. v. Fishburn, Id., 549; Dawson v. Sparks, 1 Posey's U. C., 746; 3 Am. and Eng. Encyc. of Law, 929.

*Millard Patterson*, for appellee.—By the terms of the contract of lease under which Thomas entered into possession of the premises occupied by him, the matter of agreement respecting future repairs was specifically left open, and it was stipulated that the parties might afterward agree about that matter; so that a future promise to make repairs would be supported by the original consideration mentioned in the lease. The jury were compelled to find that the agreement to make repairs as alleged by Thomas was made, and they not only found that it was made, but that after a failure to make the repairs, Thomas, within a reasonable time, exercised his right to terminate his holding under the lease.

FLY, ASSOCIATE JUSTICE.—Appellant sued for $250 alleged to be due for rent on a certain house in the city of El Paso. Appellee answered, alleging a surrender of the lease and an acceptance on the part of appellant, that he had been induced to sign the contract by promises to repair the premises, and that under the terms of the contract appellant had agreed to make certain repairs which he had failed to do, and appellee had surrendered the premises. The case was tried before a jury, and resulted in a verdict for appellee.

In the written lease was a clause that declared, that "all repairs upon said property herein leased shall be at the expense of the said lessee, unless by special agreement the said lessor undertakes to pay

for the same." The first part of this clause is merely declaratory of the law, which in the absence of a special contract on the part of the lessor to make repairs, devolves that duty upon the lessee. The landlord is under no obligation to make any repairs, unless such a stipulation is a part of the original contract, and any promise to do so founded merely on the relation of the parties, would be without consideration, and would therefore create no liability. Perez v. Rabaud, 76 Texas, 191. However, the clause in the contract, contemplating as it does the possibility or probability of an agreement on the part of the landlord to repair, entered into the consideration of the original contract, and evidence tending to show an agreement to pay for repairs on the part of the lessor would be permissible, if the pleadings had justified it.

The facts in this case show that appellee was fully acquainted with the condition of the premises at the time he signed the lease contract, and this contract, containing as it does an expression of the terms of agreement of the parties, must, in the absence of any fraud, concealment, or mistake, be binding upon the parties; and it was improper to admit testimony, whether contained in the language of Conklin or his letters, that would tend to vary the terms of the written contract. It must be taken as containing the expressed desire of the parties in the premises. Appellant excepted to those parts of the answer setting up antecedent verbal agreements, and his exceptions were sustained; but afterwards, over his objections, testimony on the same subject was permitted, and the error was attempted to be removed by charges instructing the jury not to consider the testimony. This is a practice, as heretofore held by our Supreme Court, not to be commended, and may under certain circumstances result in a reversal. It is confusing to a jury to be placed in the condition of culling out the legal from from the illegal testimony, and ofttimes, when once the testimony has been heard, it finds a lodging place in the mind of the juror, however honest he may be, and may unconsciously sway him in his decision.

That portion of the contract in regard to repairs did not alter or change the position of appellee in relation to the repairs on the rented premises. If repairs were needed, it was his duty, both by law and the terms of his contract, to have them made. If he could prevail upon his landlord to agree to pay for the repairs, the latter, having so bound himself in the written contract, could not plead want of consideration, but could be compelled to repay to appellee any sums he may have expended in repairing the premises. The failure to pay would not authorize appellee to evade payment of rent by a surrender of the rented premises. With or without the promise on the part of appellant to pay for the necessary repairs, it was the duty of appellee to have them made. In case appellant had verbally agreed to pay for the repairs, it still devolved upon appellee to see that they were made; and the refusal to pay would not have given the power to vacate the contract, but only gave a right of action for the amount expended. Appellee, with full knowledge of the facts, remained in possession of the

rented premises for thirty-one months, and if the authority to rescind the contract was ever in his hands, he waived it by remaining in the house and paying the rent for all but five months of the entire three years.    He made his election to remain in the building, and after so long a time it was not in his power to terminate the lease.    Roach v. Peterson (Minn.), 50 N. W. Rep., 601; Huber v. Baum (Pa.), 26 Atl. Rep., 101.

As before stated, even if an agreement to repair the premises had been made by the lessor, as claimed by the appellee, this would not authorize the lessee to remove from the rented premises and rescind the contract, and it was error in the court to so instruct the jury. There is no testimony that tends to show that the house was untenantable, or that its condition at time of abandonment was any worse than it was when appellee, knowing all the facts in connection therewith, entered into the lease contract.    The only question that could have arisen under the facts requiring submission of the case to a jury, was the one of the acceptance of a surrender of a lease by the lessor.    The fact of the key being left with the lessor or his agent, and notice of surrender being given, would not be sufficient to terminate the lease. An acceptance of the key and an attempt to rent the premises, accompanied with no other acts or words evidencing an acceptance of surrender, would not be sufficient.    The facts do not sustain the verdict, and a verdict should have been instructed for appellant.

The judgment is reversed and the cause remanded, with instructions to the County Court to direct a verdict for appellant, in case there is the same proof on another trial as in the former.

*Reversed and remanded.*

Delivered January 9, 1895.