## CHURCHWELL et ux. v. PURE OIL PIPE LINE CO.   (No. 438.)

(Court of Civil Appeals of Texas. Waco. Dec. 2, 1926.)

1. **Appeal and error** ⬅1010(1)—**Judgment of court, sitting without jury, sustained by evidence, will not be disturbed for insufficiency.**

Judgment of court, sitting without jury, will not be disturbed for insufficiency of evidence, where there is evidence in record to support it.

2. **Landlord and tenant** ⬅169(6)—**Evidence held to support judgment for landlord, in tenant's action for damage by overflow of creek washing house away.**

Evidence *held* sufficient to support judgment for defendant, in action by employee and tenant for loss and damage of his household goods and sickness of wife resulting when house was washed away by overflow of creek, where defendant did not know that premises were subject to overflow.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. **Landlord and tenant** &#9455;164(1)—**Tenant takes risk of unsafe premises, where landlord does not agree to repair and does not conceal defects from him.**

Where there is no agreement by landlord to repair and he is not guilty of fraud or concealment by failing to disclose hidden defects of which he has knowledge, tenant takes risk of safety of premises, and landlord is not liable to him or one entering under his title or by his invitation for injuries by reason of their unsafe condition.

Appeal from District Court, Freestone County; A. M. Blackman, Judge.

Suit by W. C. Churchwell and wife against the Pure Oil Pipe Line Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Williford & Geppert, of Teague, for appellants.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellee.

STANFORD, J. Suit by appellant and wife against appellee for the loss and damage to household goods, and for exposure and resultant sickness to appellant's wife, by reason of a house in which appellants resided as tenants of appellee being inundated and washed away by an overflow of a nearby creek. The case was tried before the court without a jury, and judgment rendered for appellee, defendant below. Appellants alleged, in substance, that appellant W. C. Churchwell was in the employ of appellee as a crude oil engineer, and that one of the considerations of his employment was that appellee was to furnish a dwelling house for appellants to occupy; that appellee did construct such house near Wolf creek; that it was the duty of appellee to construct said house in a safe place; that the appellee, by its engineers, could have discovered the dangers of overflow, etc. Appellee denied that it agreed to furnish appellants a house in which to live as a part of the consideration for his employment, pleaded caveat emptor, and that said overflow was an event that could not have been foreseen.

[1, 2] There is only one question involved in this appeal, to wit, Is there evidence in the record to support the judgment of the trial court? If so, then this court is not at liberty to disturb such judgment. The record discloses that appellee purchased a small piece of bottom land, some 500 feet away from Wolf creek, and erected on said land some storage tanks, a pump station, and three small residences; that appellant Churchwell, who was in the service of appellee, requested to be permitted to occupy one of said cottages, and that he went and inspected same and selected the one he desired and moved into it, and paid $5 per month rent, that is, $5 per month was taken by appellee out of the monthly checks for labor; that during a very heavy rain said Wolf creek overflowed and the house in which appellants resided floated away, but water did not get into any of the other houses. The evidence is sufficient to show that there was nothing about the property in question or its location to indicate that it might or that it had ever overflowed. There is no evidence that appellee had any notice that said creek would or had ever before overflowed the premises in question. In fact, the evidence is sufficient to show that the rain causing said overflow was an unprecedented rain, and there is no evidence that said property ever before or since overflowed. We think the evidence ample to show that said house was not furnished appellant as a part of the consideration for his work, but was rented to him, and at the time of the injury appellant W. C. Churchwell was paying a stipulated rental of $5 per month, and that the relation of landlord and tenant existed between appellee and appellant W. C. Churchwell, and that there was no warranty on the part of appellee or any of its agents that the premises were safe for the purposes for which they were rented; that there was no fraud or deceit practiced by appellee upon appellants; that appellee did not know the rented premises were subject to overflow, and did not conceal from or misrepresent to appellants any fact with reference to said premises. The evidence clearly showing the above facts, we think the court was correct in rendering judgment for appellee. American Exchange Nat. Bank of Dallas v. Swope & Mangold, 46 Tex. Civ. App. 64, 101 S. W. 872; Perez v. Raybaud, 76 Tex. 191, 13 S. W. 177, 7 L. R. A. 620; Dice's Adm'r v. Zweigart's Adm'r, 161 Ky. 646, 171 S. W. 195, L. R. A. 1916F, 1155; C. R. Miller & Bro. v. Nigro et al. (Tex. Civ. App.) 230 S. W. 511.

[3] But appellants contend that appellee is liable to them because by the use of ordinary care it could have known of the dangerous location of the premises. We cannot assent to this proposition. The rule in this state and most of the other states seems to be that where there is no agreement by the landlord to repair the demised premises, and he is not guilty of any fraud or concealment by failing to disclose hidden defects of which he has knowledge, the tenant takes the risk of their safety, and the landlord is not liable to him or to any person entering under his title or by his invitation for injuries sustained by reason of their unsafe condition. Fraser v. Kruger et al. (C. C. A.) 298 F. 693, and cases cited; Perez v. Raybaud, 76 Tex. 191, 13 S. W. 177, 7 L. R. A. 620; Blackwell v. Speer (Tex. Civ. App.) 98 S. W. 903; C. R. Miller & Bro. v. Nigro et al. (Tex. Civ. App.) 230 S. W. 511; Shew v. Hartnett, 121 Wash. 1, 208 P. 60.

---

&#9455;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We overrule appellants' assignments of error and all propositions thereunder and affirm the judgment of the trial court.