**REED et al. v. JAMES et al.**

No. 10206.

Court of Civil Appeals of Texas. San Antonio.

Jan. 19, 1938.

Rehearing Denied Feb. 16, 1938.

Sylvan Lang and Leslie Byrd, both of San Antonio, and Joseph Cocke, of Austin, for appellants.

C. Stanley Banks and Terrell, Davis, Hall & Clemons, all of San Antonio, for appellees.

SLATTON, Justice.

This case was appealed to this court and reversed and remanded for another trial, 91 S.W.2d 946. The second trial resulted in a judgment in favor of appellees and against appellants, hence the second appeal. Reference is made to the first opinion of this court for a full statement of the case.

Appellants filed a second application for a continuance based upon the absence of M. H. Reed, one of the parties to

the suit, which was overruled by the trial court, and his action is assigned as error. The case had been pending about three and one-half years. A first application had been previously granted. M. H. Reed, at the time of the second trial, was not in the jurisdiction of the court and his evidence given at the previous trial was available and was used. There was no error in the action of the trial court. Texas & Pacific Ry. Co. v. Hall, 83 Tex. 675, 19 S.W. 121.

Complaint is made at the action of the trial court in overruling a special demurrer of appellants and in allowing a witness to testify as to the execution of a lease from appellees to another, dated February 1, 1933. Appellees pleaded that the lease involved was canceled by them on the 1st day of February, 1933, and on said date they leased such property to the Texas Rock Asphalt Company. The witness Keller, after testifying that the lease was lost, gave evidence that it was executed on the 1st day of February, 1933, or at least to become effective on that date. It appears to us that the lease between appellees and the asphalt company was only incidentally involved in this suit. Appellees contend it to be their affirmative act of cancellation of the lease involved in this suit. In view of these facts, it appears to us that the pleadings of the appellees sufficiently apprised the appellants of the date of the lease, and a general description thereof was all that was necessary. Likewise, there was no error in allowing the witness Keller to testify that the lease was executed on the 1st day of February, 1933; if error, it was harmless for the reason that the same evidence was given by another witness without any objection on the part of appellants. Justice v. McRuffin, Tex.Civ.App., 224 S.W. 204.

It is next urged by the appellants that the trial court committed reversible error in the exclusion of certain evidence given by the witness M. H. Reed, to wit, that he did not exercise any ownership or control over the leased premises after receipt of the notice dated April 26, 1932. That the excluded evidence was an opinion or conclusion of the witness and subject to the objection made seems clear to us. Howard v. Zimpelman, Tex.Sup., 14 S.W. 59; Johnston v. Martin, 81 Tex. 18, 16 S.W. 550.

The appellants complain of the action of the trial court in refusing to direct a verdict for them, in overruling their objection to the court's charge, and in refusing to give their specially requested issues. The trial court submitted to the jury question No. 1: "Do you find from a preponderance of the evidence that the plaintiffs, after the expiration of ten days after April 26, 1932, and before February 1, 1933, did any affirmative act in furtherance of the cancellation of the lease with defendants? Answer 'yes' or 'no.' We the jury, answer: No. In connection with the foregoing question, you are instructed that an 'affirmative act of cancellation' means some action on the part of the lessors by word or deed manifesting in some unequivocal way an intention that by and after such action the lease is terminated and forfeited."

"If you have answered Question No. 1 'yes', then answer Question No. 2, but if you have answered Question No. 1 'no' you need not answer Question No. 2.

"Question No. 2: At what date, do you find from a preponderance of the evidence, the plaintiffs did such affirmative act, if any? Answer by stating date, if any. We, the jury, answer: ————."

Most of the complaints urged by the appellants to the action of the trial court involved their idea that the notices mailed by the appellees to the appellants were acts of cancellation within themselves. These same contentions were made by the appellants on the first appeal and this court ruled adversely to them. The holding upon the first appeal is the law of the case and should govern this court and the lower court in all subsequent proceedings. 3 Tex.Jur. 1338; Sutherland v. Friedenbloom, Tex. Civ.App., 200 S.W. 1099, writ refused.

The appellants pleaded that the notices within themselves were acts of cancellation and had the legal effect of terminating the lease. In the alternative, they pleaded that the lease was canceled by the appellants by a communication and by mutual agreement and by operation of law. As we view the record, the only affirmative act that would have support in the evidence is a communication. The date of such communication is difficult of ascertainment from the record. It is clear that it occurred some time after May 1, 1932, and before February 1, 1933. With the evidence in this condition, the objections urged by the appellants to the form of the special issues as submitted by the trial court are without merit and no error is shown.

In the case of Texas City Transportation Co. v. Winters, Tex.Com.App., 222 S.W. 541, 542, it is said: "The particu-

lar manner in which the issues are presented is largely discretionary with the trial court. By the expression 'issues of fact' is not meant the various controverted specific facts which may enter into the main issues of fact, but only the independent ultimate facts which go to make up plaintiff's cause of action and defendant's ground of defense. If such ultimate issues of fact are fairly presented, the mode of presenting them by the trial court will not be reviewed."

 The record before us shows, with very little room for dispute, that the appellees by sending their notices of the default to appellants were demanding their rentals due under the lease, and the action of the appellants after the receipt of such notices shows almost without dispute that they were desirous of continuing the lease and were only dissatisfied with the minimum amount of royalties to be paid under the lease. As late as July, 1933, the appellants, by their pleadings filed in this cause, were making contention that the lease was still in existence, and that the appellees were estopped to deny a cancellation of the lease on the 1st day of February, 1933. Correspondence was admitted, without objection, of the parties, which clearly showed that as late as January 2, 1933, Mr. Reed, who was handling the matter for the interested lessees, contended that the lease was still in existence and attempted to influence appellees to agree to a reduction of the monthly amount of royalties to be paid thereunder. There was no evidence offered by the parties as to the lease having been canceled by the mutual agreement of the parties. Likewise, there was no evidence that the lease in question was canceled by operation of law. We are of the opinion that there was no error on the part of the trial court in refusing to submit the question of estoppel as presented by the pleadings and the requested issue of the appellants. The appellants defaulted upon their obligation to pay rentals due under the contract, thereby breaching it; therefore, they are not in position to seek the aid of a court of equity. 17 Tex. Jur. 48; Hicks v. Wells, Tex.Civ.App., 37 S.W.2d 271; Sanders v. Cauley, 52 Tex.Civ. App. 261, 113 S.W. 560.

 We are also of the opinion that the trial court did not err in refusing to submit to the jury special issues requested by appellants based upon the theory that appellees after the issuance of the notices attempted to relet the property to others. It occurs to us that the appellees had the right under the law, upon the default of the appellants to pay the rent, to attempt to find another tenant, and that this conduct cannot be construed to be an act of cancellation of the lease between the appellees and appellants. Peticolas v. Thomas, 9 Tex.Civ. App. 442, 29 S.W. 166; Early v. Isaacson, Tex.Civ.App., 31 S.W.2d 515, writ refused; 27 Tex.Jur. 313, 314; Marathon Oil Company v. Rone, Tex.Civ.App., 83 S.W.2d 1028, 1029, writ refused.

In the Marathon Oil Company Case, supra, it is held that the mere renting of the premises to another upon the tenant's default is not a release of the tenant from his contract. We overrule the contention of the appellants in regard to the action of the trial court in refusing to direct a verdict, in overruling appellants' objection to the charge, and in refusing the specially requested issues of appellants.

 Appellants complain of the action of the trial court in refusing to set the verdict of the jury aside, based upon alleged prejudicial argument of one of the counsel for appellees. The most important of the objections made was, that the wealth of the appellants was presented to the jury to the prejudice of appellants. The argument was not objected to upon the trial and the court qualified the bill of exceptions presenting the same. In the qualification it is shown that the argument was made in response to argument made by counsel for appellants. Then, too, we observe that it was in evidence, without objection, that appellants were in a variety of businesses and that the sum of $900 a month rental due under the lease contract was an unimportant matter to them. Clearly there was no error, as the matter is here presented, committed by the trial court.

We have considered each of the propositions and assignments of error presented by the appellants and are of the opinion that they are without merit. No reversible error being shown, it follows that the judgment of the trial court should be and is affirmed.