Madge W. CROCKER, Appellant,

v.

CLARK–McDAVITT PROPERTIES, INC., Appellee.

No. 14074.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 16, 1963.

Rehearing Denied Feb. 20, 1963.

**22**

Vaughan & Vaughan, San Antonio, for appellant.

Groce & Hebdon, Charles L. Smith, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a summary judgment granted to defendant, Clark-McDavitt Properties, Inc. Plaintiff, Madge W. Crocker, filed suit for personal injuries sustained by her in a fall at a skating rink. The trial court granted the defendant's motion for summary judgment and plaintiff has perfected her appeal from this take-nothing judgment. The motion was granted upon plaintiff's deposition and affidavit, an affidavit of the vice-president of defendant corporation, an affidavit of the architect who designed the building, and photographs of the area involved.

There is a question as to the status in which the defendant, Clark-McDavitt Properties, Inc., is sued. The petition alleged that it was the owner and operator of a roller skating rink. Defendant alleged, however, that it had leased the premises to Northporte-Rolercade, Inc., a Texas corporation, and that at the time of the accident plaintiff was an invitee of the lessee. Plaintiff filed a supplemental petition and alleged that Northporte-Rolercade, Inc., was a subsidiary corporation of defendant and was operating the skating rink as manager for defendant corporation. In its motion for summary judgment, defendant filed an affidavit by its vice-president to support its allegation of non-control of the premises, and attached a copy of the lease contract to the motion for summary judgment. This contract places sole control of the operation in the lessee, Northporte-Rolercade, Inc. The plaintiff did not file a counter-affidavit or other evidence, or justify her inability to do so. She, therefore, did not raise a genuine issue of fact on this point. Allen v. Western Alliance Insurance Co., Tex., 349 S.W.2d 590; McDonald, Texas Civil Practice, Vol. 4, § 17.26.3.

The status of defendant is of little importance in view of the theory of liability upon which this suit was brought by plaintiff. She does not allege that the fall was caused by a foreign substance on the floor, defective construction, or improper super-

vision of the premises. She predicates liability upon improper design of the premises for the purpose of operating a skating rink. The skating area was on a wooden floor raised about two inches above the concrete floor, enclosed with a solid wall about three feet high. There are two openings in the wall through which skaters enter and leave the skating area. At such openings the skaters go up or down an incline about five inches long, which is covered with a metal strip. The openings are located so that the walls may be held when a skater enters or leaves the skating area. All of these conditions were admittedly known by plaintiff prior to her fall. At the time of the fall she was leaving the skating area through one of the openings; she was holding to the wall with her right hand, but slipped and fell on the metal strip. Plaintiff alleged that the building was not designed as a skating rink, but was converted by adding the wooden floor and that this created a hazard. Further, that the design of the premises required skaters to go on and off the area.

The owner of leased premises is liable to the public or to third persons for injuries resulting from a defective structure on the premises, when the defect existed at the time the lease was made. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W. 2d 609; Perez v. Rabaud, 76 Tex. 191, 13 S.W. 177, 7 L.R.A. 620. Here the premises were leased for the specific purpose of operating a skating rink.

The uncontroverted affidavit shows that the premises were constructed according to plans and specifications prepared by a competent and qualified architect, for the specific purpose of a skating rink. The wooden floor was raised to keep dirt off the skating area. The openings in the wall were designed so as to provide a handrail for skaters entering and leaving the skating area. The five-inch metal incline was designed to eliminate injury by a fall on the sharp corner of the skating floor. The fault alleged was in the plan or design of construction. There was no allegation of a nuisance per se. Further, the design complained of was known to plaintiff prior to the injury.

This case comes within the rule set forth in Hamblen v. Mohr, Tex.Civ. App., 171 S.W.2d 168, writ ref., want of merit. It was there held that, in the absence of a nuisance per se, the duty of the owner of a building in providing for its safe construction is satisfied by the use of ordinary care to engage a competent architect and builder. See, also, Renfro Drug Co. v. Lewis, supra; Acme Laundry Co. v. Ford, Tex.Civ.App., 284 S.W.2d 745, writ ref., n. r. e.; San Antonio Hermann Sons Home Ass'n. v. Harvey, Tex.Civ.App., 256 S.W.2d 906, writ ref., n. r. e.

The judgment is affirmed.