**Mary GRAY, Individually and as next friend of James Lewis Gray, a minor, Appellant,**

**v.**

**Abe BLOCK, Appellee.**

**No. 4174.**

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

William Brode Mobley, Jr., Corpus Christi, for appellant.

Guy Allison and Richard Bradshaw, Corpus Christi, for appellee.

COLLINGS, Justice.

Mary Gray, individually and as next friend of her minor son, James Lewis Gray, brought suit against Abe Block to recover damages for herself and her son alleged to have been caused by negligence on the part of defendant. Plaintiff alleged that Block was the owner of a residence in which she resided as tenant, that she requested him to construct a rail, banister or protective barrier on the porch of such residence but he failed to do so; that such failure was negligence and a proximate cause of the injuries to her son who was two years old at the time of his accidental fall. The defendant Block answered alleging that the porch and steps to the residence were an open and obvious permanent physical condition, that defendant was guilty of no negligence, had breached no duty to plaintiffs and that plaintiff, individually and as next friend of her minor son, voluntarily exposed herself and her child to whatever risk or hazard existed. Defendant Block, after taking plaintiff's oral deposition, filed a motion for summary judgment which was granted. Mary Gray has appealed.

The pleadings of the parties, the oral deposition of appellant, Mary Gray, and other matters on file show the following material and uncontroverted facts: in September 1963, appellant and her family moved into a residence in Corpus Christi, Texas, under an oral agreement with Block, the owner of the property, and agreed to pay a rental of $10.50 per week. This oral contract constituted the entire agreement of the parties. Under such agreement appellant resided in the residence until March or April of 1966, when the accident, made the basis of this suit, occurred. At the time appellant moved into the house, and during the entire period of her residence therein there was never a railing of any kind on the porch, which was three or four feet high. There was no covenant by appellee that he would make repairs on the premises. Appellant had, prior to the time of her son's injury, fallen off the porch her-

self and broken her arm. She notified appellee of her fall and injury and of the dangerous condition, and requested appellee to remedy such condition by placing a railing on the porch, but he failed to do so. Mrs. Gray did state that when first approached about the matter Block said that he would see about it.

Appellant presents one point contending that there were material issues of fact to be determined and that the court erred in granting appellee's motion for summary judgment. Appellant asserts that appellee, Block, had a duty to keep the premises in a reasonably safe condition for the use of her minor child, that he knew or should have known the premises were unsafe for a child of such tender years and that appellant's two year old child, as a matter of law, could not be charged with contributory negligence.

■ It is well settled that in the absence of a statute or covenant to repair a tenant takes leased premises in the condition in which he finds them and the landlord is not liable for personal injury resulting from patent defects existing on the premises at the time of the letting of the lease. 52 C.J.S. Landlord and Tenant page 14; Adames v. Housing Authority of City of San Antonio, 392 S.W.2d 806 (CCA 1965 n. r. e.). The Restatement of Torts, Volume 2, Section 367, page 967, states the rule as follows:

"A lessor of land is subject to liability for bodily harm caused to his lessee and others upon the land with the consent of the lessee or his sub-lessee by a condition of disrepair existing before or arising after the lessee has taken possession, if

a) the lessor, as such, has agreed by a covenant in the lease or otherwise, to keep the land in repair, and

b) the disrepair creates an unreasonable risk to persons upon the land which

the performance of the lessor's agreement would have prevented."

■ The trial court did not err in granting summary judgment for appellee Block. He was not in possession of the premises at the time appellant's son was injured. Appellant was in possession of the property under a lease from appellee and the porch to such residence with no rail or banister thereon was a prominent physical object located on the premises at the time appellant took possession under the lease. Under these circumstances, appellee Block was not liable for the injury to appellant's son. Flynn v. Pan American Hotel Company, 143 Tex. 219, 183 S.W.2d 446 (Texas Supreme Court 1944); Morton v. Burton-Lingo Company, 136 Tex. 263, 150 S.W.2d 239 (Commission of Appeals, Opinion adopted by the Supreme Court, 1941).

■ As heretofore indicated, there was no covenant by appellee that he would repair the premises, or to be specific, that he would erect a rail or banister on the porch. If it could be construed that the testimony of Mrs. Gray raises a question of fact as to whether or not appellee promised to provide a railing for the porch, such promise did not constitute a covenant and would thereby create no liability. In Perez v. Raybaud, 76 Tex. 191, 13 S.W. 177, 7 L.R.A. 620, the Supreme Court of Texas, considering the promise of a landlord to repair, stated as follows:

"The promise was merely gratuitous, not made at the time of the lease, and was no part of the original contract. It was without consideration, and could not be enforced."

See also Peticolas v. Thomas, 9 Tex.Civ. App. 442, 29 S.W. 166 (Tex.Civ.App. n. w. h.; F. H. Vahlsing, Inc. v. Hartford Fire Insurance Co., 108 S.W.2d 947 (Tex.Civ. App. writ dismissed).

Appellant's point is overruled. The judgment is affirmed.