Herbert L. TUCHIN, Trustee, Appellant,

v.

Wm. M. CHAMBERS, Appellee.

No. 17002.

Court of Civil Appeals of Texas.

Fort Worth.

March 21, 1969.

Rehearing Denied April 18, 1969.

Tuchin & Weir, and William P. Weir, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, and Estil Vance, Jr., Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

The plaintiff, lessee, sued for cancellation of a lease dated August 14, 1961, because of the alleged refusal of the lessor to allow joint use of an x-ray room in violation of the terms of the written lease agreement.

In answer to special issues the jury found (1) the provision for joint use of the x-ray room "constituted a material and substantial part of the lease," and (2) failure of plaintiff to demand joint use of the x-ray room during the period from August 14, 1961, to July 5, 1967, was not a waiver of his right to such joint usage.

The lease provision in question reads, "One Consultation Room and three Examining Rooms located on the East side of the Clinic Building herein described, and the said Dr. W. M. Chambers shall have the joint use of the Reception Room, Office, a Recovery Room, Laboratory, Dark Room and X-ray Room with Dr. E. Steinberger, who is occupying the West Side of the Clinic Building * * *."

Defendant filed a motion for judgment non obstante veredicto on the grounds the court erred (1) in submitting Issue No. 1 because the undisputed and uncontradicted evidence established that the x-ray provision for joint use was not material or substantial, (2) breach of contract, as pleaded by plaintiff is insufficient for rescission as a matter of law, (3) plaintiff, as a matter of law, waived his right to rescind or cancel the lease by reason of his failure to insist on joint use of the x-ray room before July 5, 1967, (4) plaintiff failed to exercise his right to rescind within a reasonable time.

The defendant's motion for judgment notwithstanding the verdict was overruled.

Judgment, based on the verdict and such "additional considerations, and findings as were authorized by law", was entered for plaintiff, terminating the lease for the remainder of the lease period. No other relief was requested or granted.

Defendant did not file a motion for new trial.

Points of error presented by defendant are that the court erred in, (1) submitting Issue No. 1 to the jury, (2) refusing to hold jury's answer to Issue No. 1 for naught, (3) overruling defendant's motion for

judgment non obstante veredicto, (4) refusing to submit the special issue requested by defendant.

◼ Defendant did not include the refusal for a special issue in his motion for judgment non obstante veredicto, and not having complained of such refusal in a motion for new trial, the error, if any, of the court in refusing the requested issue was waived. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960). Point 4 is therefore overruled.

The essential questions posed are therefore to determine whether there is any evidence of probative force to support the jury's answers to the two issues submitted, and if there was such evidence, was such evidence insufficient as a matter of law to entitle plaintiff to cancellation of the time remaining on the lease.

Summarized briefly, from the viewpoint most favorable to the jury verdict, the evidence shows that as of August 14, 1961, plaintiff was occupying the premises in question under a five year lease. On August 14, 1961, a new ten year lease was signed by plaintiff. The same provision for joint use of the x-ray room was carried forward. The defendant prepared the lease. Plaintiff has paid all rent due under the lease and has fully complied with the obligations thereunder. In addition to the contract obligation he has paid more than $1,000.00 of his own money on various improvements in the offices occupied by him. When the original lease was executed he had just started his dental practice and did not need the x-ray room at that time but anticipating growth of his practice and an ultimate need of the x-ray room he inspected the property and examined the description in the lease before signing same to be sure that he was protected in his right of joint use of the x-ray room. He and the other tenant (who is a joint owner of the property with defendant) pay an equal amount of rent, that is $200.00 per month. By mid year of 1967 his practice had expanded, primarily by reason of his qualification to practice orthodontics, to the point where he had need of the x-ray room in order to care for his patients. On July 5, 1967, he wrote defendant that it was necessary that space be made available under his right of joint use in the x-ray room for the installation of x-ray equipment. By letters of July 11 and July 27 the defendant expressed his willingness to make the x-ray room available to plaintiff. The x-ray room, however, was never made available to plaintiff, apparently because the other tenant objected, and the defendant found the joint use thereof by the tenants to be unfeasible. Plaintiff, before July, had never requested use of the x-ray room, hence had never been denied use of the room and had no reason to believe that joint use thereof would be denied him inasmuch as he had paid rent on the space all the years of the lease. Plaintiff's wife, who cared for his business office, never had reason to believe that joint use of the x-ray room would be denied. The x-ray room could be adapted to joint use of the two tenants without tearing out any walls but by merely adding a partition.

The landlord-tenant relationship between plaintiff and defendant over the years had been unusually amicable and continued so until the time of the unfortunate dispute over joint use of the x-ray room.

Since defendant is confined in the appeal to the matters set up in his motion for judgment notwithstanding the verdict the attack on the jury's answer to the issues submitted must be treated as no evidence points.

◼ The jury was the sole judge of the credibility of the witnesses and the weight to be given to their testimony. While there is considerable evidence in the record we think that the summary we have set out above reflects some evidence of probative force to support the jury findings on the issues submitted.

Treating the suit as one for "pure", or entire rescission, the defendant insists, first, its motion for judgment should have

been granted because the evidence did no more than establish a breach of contract, and that equity will not grant rescission for a mere breach of contract, citing Henshaw v. Texas Natural Resources Foundation, 147 Tex. 436, 216 S.W.2d 566 (1949), and other cases of like pronouncements.

Second, rescission can only be granted when the complaining party has no adequate remedy at law, citing Hausler v. Harding-Gill Co., 15 S.W.2d 548 (Tex.Com. App., 1929); Ussery v. Hollebeke, 391 S.W. W.2d 497 (Tex.Civ.App., 1965, ref. n. r. e.); and Johnson v. Johnson, 272 S.W. 225 (Tex. Civ.App., 1925, no writ hist.).

Third, equity cannot grant the relief of rescission when the complaining party cannot restore the status quo. See Peticolas v. Thomas, 9 Tex.Civ.App. 442, 29 S.W. 166 (1895, no writ hist.). Defendant also cites in support of his status quo argument Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83 (1955), and a number of other cases.

Fourth, and last, it is urged by defendant that plaintiff did not ask for rescission with reasonable promptness. Payne v. Baldock, 287 S.W.2d 507 (Tex.Civ.App., 1956, ref., n. r. e.); Heffington v. Hellums, 212 S.W. 2d 245 (Tex.Civ.App., 1948, ref., n. r. e.), and McBee v. Moody, 358 S.W.2d 215 (Tex. Civ.App., 1962, no writ hist.).

The question of reasonable promptness is not properly before us.

In the instant case plaintiff did not pray for total rescission, but limited his prayer to a request for termination of the remaining period of the lease. He did not ask for return of any rent paid damages, or refund of any money he had spent on improvements.

■ That the courts may terminate a lease for partial eviction of a substantial portion of the premises is well recognized.

This court, speaking through Chief Justice Dunklin, in Ellison v. Charbonneau, 101 S.W.2d 310 (1936), held: "* * * the facts * * * conclusively establish an eviction of the lessee Ellison * * * with the authority and consent of plaintiff (lessor) from a substantial portion of the rented premises, and by reason thereof the lessee had the right to abandon the whole, and refuse payment of further rents."

In a case factually similar to those in the instant case, the court in De Bolt v. Gonzalez, 141 S.W.2d 846 (Tex.Civ.App., 1940, no writ hist.), held: "Appellant did not waive his right to terminate the lease contract by continuing to occupy the premises and to pay rent where the breach continued to the time of the trial, and where appellee testified upon the trial that he would not then let appellant have the strips of land previously denied to him, even if such strips of land were included in the lease."

Joint use of the x-ray room was specifically provided plaintiff in the written lease. It is undisputed plaintiff was denied joint use thereof from the time he requested such use until the time of trial. There was evidence he would not be granted use of the x-ray room in the future.

■ The applicable rule is stated in Landlord and Tenant, 35 Tex.Jur.2d 633–4, § 129, as follows: "* * * partial eviction from the premises demised by act of the lessor will * * * relieve the tenant from liability to pay rent on any portion of the premises during the continuance of the eviction." The rule is similarly expressed in 3A Corbin on Contracts, p. 241, § 686; 3 Thompson on Real Property, p. 508, § 1134, and applied in Graham Hotel Co. v. Garrett, 33 S.W.2d 522 (Tex.Civ.App., 1930, writ dism.); Oriental Oil Co. v. Lindsey, 33 S.W.2d 768 (Tex.Civ.App., 1930, no writ hist.), as well as in numerous other Texas cases.

Based on evidence of probative value, the jury found that the provisions for joint use of the x-ray room constituted a material and substantial part of the lease, and plaintiff had not waived his right to insist upon such joint use.

Under the authorities cited, we hold the trial court did not err in overruling defendant's motion for judgment notwithstanding the verdict and in entering judgment terminating the lease for the unexpired term remaining.

Affirmed.