Lucille ADAMES, Individually and as Next Friend for Dorina Adames, Appellants,

v.

**HOUSING AUTHORITY OF the CITY OF SAN ANTONIO et al., Appellees.**

No. 14391.

Court of Civil Appeals of Texas.

San Antonio.

June 16, 1965.

Rehearing Denied July 21, 1965.

Lieck & Lieck, San Antonio, for appellants.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellees.

MURRAY, Chief Justice.

This is an appeal from a summary judgment in favor of Housing Authority of the City of San Antonio and Clara Lynch, appellees herein, against Lucille Adames, individually and as next friend for her minor daughter, Dorina Adames, plaintiffs below and appellants here, in a suit brought to recover damages for the minor child's injury in a fall on premises leased by the Housing Authority to the parents of the minor appellant.

The record shows that the two-year-old child was injured on an open and obvious permanent physical object, a foot scraper located upon the premises leased to the parents of the minor, and that such foot scraper was in place at the time the lessees took possession of the premises.

It is undisputed that Dorina Adames and her parents were tenants at the Alazan-Apache Courts in San Antonio, which were owned by appellee Housing Authority of San Antonio, and operated through its manager, Clara Lynch. Appellants were tenants of said Housing Authority, living in a ground floor unit designated as 211 Mirasol Place. On April 1, 1963, the minor appellant fell over the metal foot scraper located on the back porch of the apartment unit and sustained serious injuries. Appellants allege this foot scraper and others in the Alazan-Apache Courts constituted a dangerous condition of which appellee Housing Authority had actual notice; that the appellees were negligent in maintaining the dangerous foot scraper there, and in failing to remove it, knowing young children would likely be injured thereon, and that such negligence was a proximate cause of the minor appellant's injuries.

Appellees filed a motion for summary judgment supported by an affidavit of George W. Seale, to which was attached the lease agreement dated June 16, 1960, between the Housing Authority and the minor appellant's parents. Also, there were attached to the affidavit photographs of an iron pipe railing and foot scraper located on the back porch of the leased premises, and the affidavit stated that this railing and foot scraper had been in the same location since prior to the date of the lease. This fact was admitted by Mrs. Lucille Adames in an affidavit filed by her.

The trial court properly granted the summary judgment because the Housing Authority was not the possessor of the premises at the time Dorina Adames was injured. The premises had been leased to the minor appellant's parents and the foot scraper was a permanent physical object located on the premises at the time appellants took possession thereof under the lease. The Housing Authority was not

liable under these circumstances. Flynn v. Pan American Hotel Co., 143 Tex. 219, 183 S.W.2d 446 (1944); 35 Tex.Jur.2d 606, 607; 32 Am.Jur. 529–532; 52 C.J.S. Landlord and Tenant §§ 417, 419; Restatement of Torts, § 356.

The authorities cited by appellants are not in point here because in those cases the landlord, or owner of the property, was in possession of the land. Eaton v. R. B. George Investments, 152 Tex. 523, 260 S.W. 2d 587; Banker v. McLaughlin, 146 Tex. 434, 208 S.W.2d 843, 8 A.L.R.2d 1231.

In the latter case a young child drowned in a water hole which was in the possession of the landowner, and not as here on the premises in possession of the child's parents. In the Eaton case the dipping vat in which the child drowned was upon land in possession of the landowner and under his control. While he had leased to the parents of the child a residence in which they lived, such lease gave them no control over the dipping vat. Here the parents of the child were in full possession of the premises where the child was injured.

Appellants contend that the iron pipe railing and the foot scraper attached thereto were between the apartment occupied by them and the next apartment, and were intended for the use of the tenants of both apartments, and were therefore in the possession of the Housing Authority. We cannot agree. The pictures of the iron pipe railing and the foot scraper in the record show that the railing and scraper were half on the premises leased by appellants and half on the premises of the adjoining apartment. This is sufficient to establish that appellants were in possession of the foot scraper which caused Dorina to fall and hurt herself.

Appellants refer to the rail and foot scraper as a passage-way intended for the use of tenants of both apartments. It was anything but a passage-way. It was intended, apparently, to prevent passage from the premises of one tenant to that of the next apartment.

The judgment of the trial court is affirmed.